**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5404

CARLTON LOUIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-142)

Argued: March 8, 1996

Decided: April 30, 1996

Before WILKINSON, Chief Judge, and HALL and LUTTIG,
Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Durbin Hughes, IV, WADE, HUGHES &
SMIRCINA, P.C., Alexandria, Virginia, for Appellant. Diana Lynn
Preston, Special Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
**ON BRIEF:** Helen F. Fahey, United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlton Louis appeals the order denying his motion to dismiss a perjury indictment on the basis of double jeopardy. We affirm and remand for further proceedings.

I

On March 1, 1993, Robert Taper, an inmate at the Lorton Reformatory, was stabbed repeatedly. Louis was indicted in federal court for the attack. The indictment charged Louis with five counts: conspiracy to commit assault, assault resulting in serious bodily injury, assault with a deadly weapon, assault on a correctional officer (CO), and possession of a shank.

At trial, CO Todd Smith testified that he saw the appellant and three other inmates in the wrong dormitory. When Smith stopped them and started to search for weapons, Louis pulled out a shank and threatened him. The four inmates then fled and attacked Taper. Smith also testified that he recovered a shank from Louis. CO Gertrude Jones, who encountered the inmates running from the scene of the attack, then testified that Louis waved his shank at her and threatened her.

Testifying in his defense, Louis denied ever having a shank or threatening Officer Jones. On cross-examination, he was asked if he gave a statement to FBI Agent Hobgood or signed an "advice-of-rights" form in connection with such a statement. Louis acknowledged that Hobgood had attempted to interview him after the incident, but he denied giving a statement of any kind to Agent Hobgood. He also denied that the signature on the form was his.

On rebuttal, Agent Hobgood testified that Louis had indeed signed the advice-of-rights form, and the form was introduced into evidence.

2

Hobgood also said that Louis told him that he was leaving a prison law class when he saw "his buddies" running from correctional officers and decided to join them. Hobgood was not cross-examined. The jury returned a general verdict acquitting Louis of all charges except possession of the shank, and he was sentenced to forty-one months' imprisonment.

Three months later, Louis was indicted on two counts of violating the perjury statute, 18 U.S.C. § 1623. The indictment alleged that he testified falsely during his assault trial with regard to (1) his denial that he gave a statement to Agent Hobgood, and (2) his denial that he signed the advice-of-rights form. His motion to dismiss the indictment on the grounds of double jeopardy was denied, and he now appeals.[1]

II

Louis's arguments proceed from the principle announced in Ashe v. Swenson, 431 U.S. 651 (1970). Ashe involved a robbery by three or four armed men of six poker players in the home of one of the victims. Ashe was charged with six robbery counts--one per victim--and was initially tried on one of them. Ashe's identity as one of the robbers was disputed, and he was acquitted. After a conviction on a second count, he argued that the principle of collateral estoppel applied because the first jury necessarily decided the "ultimate fact" that he was not one of the robbers. The Supreme Court agreed and held that this principle was embodied in the double jeopardy protection. Louis contends that the same principle precludes his prosecution on the perjury charges.

"Once an issue of ultimate fact has been resolved in a defendant's favor by a valid and final judgment in a criminal proceeding, the government may not relitigate that issue in a subsequent prosecution against him." United States v. Blackwell, 900 F.2d 742, 745 (4th Cir. 1990). If the fact is an essential element of the second prosecution, double jeopardy bars such prosecution even if the second prosecution

_____

[1] Under Abney v. United States , 431 U.S. 651, 662 (1977), interlocutory appeals are permitted from orders denying defendant's claims of double jeopardy. The perjury trial has been stayed pending the outcome of this appeal.

3

is not for the same offense; otherwise, a second prosecution may not be precluded but relitigation of the same issue would be. <u>United States v. Ragins</u>, 840 F.2d 1184, 1194 (4th Cir. 1988).

For collateral estoppel to apply,

> the court must decide that (1) whether the issue in question is identical to the previous issue, (2) whether it was actually determined in the prior adjudication, (3) whether it was necessarily decided in that proceeding, (4) whether the resulting judgment settling the issue was final and valid, and (5) whether the parties had a full and fair opportunity to litigate the issue in the prior proceeding.

<u>United States v. Fiel</u>, 35 F.3d 997, 1005 (4th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1160 (1995).

Louis argues that the jury in the assault trial decided that he was telling the truth and that Hobgood was not, and, therefore, "the government is precluded from relitigating this issue in the guise of an indictment for perjury."[2] In other words, the jury in the assault trial necessarily decided <u>as a fact</u> that Louis never gave a statement or signed a form and that the collateral estoppel bar to relitigation of these facts effectively precludes the perjury prosecution. This argument stretches the concept of "issue of ultimate fact" far beyond its intended meaning.

The perjury indictment alleges that Louis lied on the stand when he testified that he neither gave a statement to Agent Hobgood nor signed an advice-of-rights form. Our task is to determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." <u>Ashe</u> at 444. On appeal, review is <u>de novo</u>. <u>Fiel</u> at 1005.

We readily conclude that the jury's decision in the first trial--that the government had not satisfactorily proven that Louis had participated in the assaults--simply does not necessarily implicate any find-

---

**2** Appellant's brief at 9.

4

ing regarding Louis's dealings with Hobgood. We are not faced with an all or nothing situation involving two distinct but diametrically opposed stories in which an acquittal necessarily means that the jury had to have credited the entirety of the defendant's account of events. See United States v. Nash, 447 F.2d 1382 (4th Cir. 1971) (reversing perjury conviction because the prior trial involved "but two conflicting explanations" and, therefore, the acquittal meant that the jury "necessarily had to pass on the truthfulness of [defendant's] account."). The guilty verdict on the shank-possession charge demonstrates that the jury did not completely believe Louis. Moreover, the jury need not have believed that Louis had not spoken to Hobgood in order to find that he neither assaulted Taper nor threatened the officers; indeed, it is difficult to imagine what role, if any, the Hobgood testimony played. It follows, then, that neither relitigation of the factual issues regarding the alleged interaction between Hobgood and Louis, nor the perjury prosecution that rises or falls on those issues, are foreclosed by collateral estoppel.

III

At Louis's sentencing for possession of the shank, the government urged the court to increase his offense level by two points for obstruction of justice on the basis of the alleged perjury regarding the statement to Hobgood and the advice-of-rights form. See USSG §3C1.1 (Nov. 1994). Louis now posits this sentencing decision as another ground for finding that the perjury trial is precluded by the double jeopardy clause.

Louis's argument fails because the sentencing court specifically did not find, as a factual predicate to the sentencing decision, that Louis had not lied at trial.[3] Instead, the express basis of the court's refusal to add two offense-level points was that the alleged perjury had not affected the "prosecution of the case." Thus, under the test set out in

_____

[3] In ruling from the bench on the obstruction issue, the judge, after referring to the agent's testimony and the signature on the form, stated that "if I were resolving the issue, I don't find that you [Louis] were being entirely truthful in that matter." Joint appendix 41.

5

<u>Fiel</u>, the issue of whether Louis made a statement or signed a form was simply not "actually decided" at the sentencing.

<u>AFFIRMED AND REMANDED</u>

6